In re JACKSON.

Patent Appeal No. 3249.

Court of Customs and Patent Appeals.
May 31, 1934.

Roberts, Cushman & Woodberry, of Boston, Mass. (Cushman, Bryant, Darby & Cushman and Carroll J. McGuire, all of Washington, D. C., of counsel), for applicant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting appellant's application for a patent for an alleged invention relating to a design for overalls or similar articles.

The rejected claim reads:

"The ornamental design for overall or similar article as shown."

Appellant discloses a design for overalls, the dominating features of which consist of V-shaped shoulder straps connected at the back by a crosspiece, together with a pocket on the bib of the garment having an overlapping flap extending over a portion only of the opening of the pocket leaving a small open space suitable for holding a pencil, rule, or other instrument.

The references are: Cooney, 562,582, June 23, 1896; Williamson, 1,683,511, September 4, 1928; Dreyfus, 1,720,629, July 9, 1929; Vizzard, 1,793,145, February 17, 1931; Item 45 R 677, page 242, Charles Williams Stores, 1928–1929.

Each of the patents to Cooney, Dreyfus, and Vizzard discloses shoulder straps connected in the back by a cross strap.

The patent to Williamson shows a bib for overalls having a pocket provided with a flap covering its entire opening.

The reference Item 45 R 677, page 242, Charles Williams Stores, 1928–1929, discloses a bib provided with a pocket very similar to the one claimed by appellant, although, as argued by counsel for appellant, the pocket is not provided with a flap portion "extending short of one end thereof."

In its decision affirming the decision of the Primary Examiner, the Board of Appeals, among other things, said:

"We find that the overalls illustrated in the catalog of the Charles Williams Stores, of record, show all the essential features of the overall design herein presented. The main differences reside in a cross-strap between the shoulder straps which is a feature illustrated in similar garments in patents to Vizzard and Dreyfus and in a pocket arranged on the bib of the overalls having an overlapping flap for the top of the pocket, quite similar to the pocket illustrated in the patent to Williamson.

"While the pocket illustrated in the present design has the flap cover extending only over a portion of the top in order to allow an open space at one side, this is clearly for the purpose of allowing a rule or instrument of some sort to be placed in the pocket which is longer than the depth of the pocket. * * *

"We find that the differences over the Charles Williams Stores overalls are not such as would appeal to the eye and certainly in view of the other art made of record it would not involve invention to provide a cross-strap between the shoulder straps of the former construction and a pocket of the character shown, on the front of the bib of the overalls."

Counsel for appellant earnestly contend in a carefully prepared brief that, although the garment disclosed in the Williams Stores catalogue has the "general configuration of applicant's design, * * * it does not show

the straps connected by a cross piece or the bib provided with a pocket having a flap portion extending short of one end thereof"; that the tribunals of the Patent Office were compelled to rely upon three references in rejecting appellant's application; and that when considered as a whole, appellant's design is distinctly different from those shown in the references.

We agree that no one reference anticipates appellant's design; that it is novel; and that as the term "ornamental" is relative, it may be argued with some plausibility that it also possesses that characteristic. However, in order to be patentable, a design must have required the exercise of the inventive faculties to produce it.

Assuming that appellant's design is both ornamental and novel, we are of opinion, nevertheless, that it is not substantially different from the prior art shown in the references, and that it did not require the exercise of the inventive faculties to produce it.

We are in accord with the conclusion reached by the tribunals of the Patent Office. The decision of the Board of Appeals is affirmed.

Affirmed.

